In the Matter of **DESERT PAINT & SUPPLY COMPANY,** a co-partnership composed of **Ray E. Primer** and **Betty Primer, Bankrupt.**

**WESTERN BOARD OF ADJUSTERS, INC.,** a California corporation, **Respondent-Appellant,**

v.

**Richard R. CLEMENTS,** **Trustee-Appellee.**

No. 71-1625.

United States Court of Appeals, Ninth Circuit.

April 27, 1973.

Rehearing Denied June 1, 1973.

Barnard F. Klein (argued), Beverly Hills, Cal., for respondent-appellant.

Lawrence A. Diamant (argued), Herbert Wolas, Robinson & Wolas, Los Angeles, Cal., for trustee-appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and TURRENTINE,* District Judge.

## PER CURIAM:

The appellant (Western) appeals from the District Court's affirmance of a bankruptcy Order declaring a security agreement and financing statement executed in favor of Western to be null and void, awarding damages to the trustee in the sum of $10,474.32 together with interest, and assessing exemplary damages in the sum of $15,000.00.

The dispute arose over a debt owed by the bankrupt to a third person and assigned to Western for collection. Western took possession of certain property that had been delivered to the bankrupt for resale. The trustee, seeking damages, alleged that the security agreement existing between the bankrupt and

---

* Honorable Howard Turrentine, United States District Judge, San Diego, California, sitting by designation.

Western was null and void and that, hence, Western committed a tortious conversion of the property.

Western contends that the dispute was not properly within the summary jurisdiction of the Bankruptcy Court, that the President of Western was improperly denied representation of counsel during the section 21(a) examination, that the factual determinations of the referee were clearly erroneous, and that there was no basis in the record to support the award of exemplary damages.

■ Treating Western's jurisdictional claim first, we note that the summary jurisdiction of the referee in bankruptcy extends primarily to those assets in the actual or constructive possession of the bankrupt. *See* Suhl v. Bumb, 348 F.2d 869 (9th Cir. 1965). Beyond that, the referee is powerless to reach assets in the actual or constructive possession of a third person asserting a bona fide claim to the property unless the third person consents to the non-plenary proceedings. 11 U.S.C. § 11(a)(7). In the present case, it is undisputed that Western was a third person to the proceedings and that it had actual possession of the property under a bona fide claim of right based upon a security agreement executed by the bankrupt and filed with the Secretary of State. The secondary and controlling question, then, is whether Western consented to the jurisdiction of the Bankruptcy Court, as urged by the appellee.

■ In the response to the referee's Show Cause Order, Western objected to the jurisdiction of the federal courts and argued that the claim properly belonged in state court because, *inter alia*, "the issues raised are complex, undecided and unresolved factual issues relying upon an interpretation of recent State legislation." While this general objection did not expressly refer to the referee's jurisdiction, it can hardly be read as an expression of consent to summary jurisdiction. Nor can it be read as implied consent by silence for although the objection was inartfully phrased, it adequately noted Western's objection that it not be deprived of its right to a plenary proceeding.

"The power of a bankruptcy court to resolve adverse claims concerning the assets of the bankrupt's estate is indeed a power of imposing magnitude. Since it results in depriving adverse claimants of a plenary suit, we must ever be cautious lest we permit its extension to a situation that should not permit summary disposition."

Suhl v. Bumb, *supra* at 871.

Having concluded that this was not a proper case for the exercise of the referee's summary jurisdiction, we need not reach Western's other assignments of error. The property in question cannot be treated as part of the bankrupt estate until the issues are resolved in a plenary proceeding.[1]

Reversed.

---

1. Nothing in our opinion is intended to prejudice any future efforts by the trustee to seek to redress his alleged grievances against appellant for its alleged misconduct.